UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DWAYNE CALAIS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:12 CV 2194 CDP |
| UNITED STATES OF AMERICA, | ) | |
| Respondent | ) | |

# MEMORANDUM AND ORDER

Petitioner Dwayne Calais filed this motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Calais was convicted of conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and sentenced to 188 months imprisonment. No. 4:09CR00192 CDP. He filed a direct appeal in the United States Court of Appeals for the Eighth Circuit and his conviction was affirmed. *United States v. Calais*, 428 Fed.Appx. 661 (2011) (per curiam unreported opinion). Because the grounds for relief Calais raises are without merit, I will deny his § 2255 motion to vacate, set aside, or correct sentence.

## I. Background

In March of 2009, Dwayne Calais was indicted for conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and 50

grams of cocaine base in violation of 21 U.S.C. § 846 (Count I) and possession with intent to distribute more than 500 grams of cocaine in violation of § 841(a)(1) (Count II)[1]. Robert Taaffe Jr. represented Calais in the pretrial stages, but withdrew before the trial began so he could be a witness for Calais. Bradford Kessler and Molly Frances took over Calais' representation and the first trial began on April 12, 2010. Calais testified at the first trial and denied any involvement in cocaine trafficking. The jury deliberated for a day and a half after the three-day trial. The jury ultimately returned a not guilty verdict on the possession charge in Count II, but was unable to reach a verdict on the conspiracy charge in Count I. The not guilty verdict on Count II was accepted and a mistrial was declared as to Count I.

    Calais was retried on Count I in a second trial that began on June 7, 2010. Kessler and Frances again represented him. Before the second trial, the government learned that in February of 2010 – while Calais was on bond in this case – a search warrant had been executed at his residence in Louisiana. Law enforcement officers seized four ounces of cocaine and almost $15,000 from Calais' bedroom. Calais did not testify at the second trial. The jury returned a verdict of guilty on Count I, finding that Calais had conspired to distribute and to possess with intent to distribute more than five kilograms of cocaine.

---

[1] The indictment included eleven defendants and six counts. Only the two counts of the indictment charging Calais are discussed in this memorandum.

Before sentencing, Kessler and Frances withdrew as Calais' attorneys. Attorney Michael Jones represented Calais at sentencing and on appeal. The presentence report concluded that Calais was responsible for at least 15 kilograms of cocaine and calculated the base offense level as 34 under U.S.S.G. § 2D1.1(c)(4). In addition, the PSR assessed a two-level enhancement for possessing a dangerous weapon under U.S.S.G. § 2D1.1(b)(1). Calais also received a two-level enhancement for obstruction of justice under § 3C1.1 because he testified falsely at his first trial. Calais objected to all three of these determinations. At sentencing, the government conceded the quantity objection, and so I ruled that Calais was responsible for at least five but less than 15 kilograms of cocaine, so the base offense level was 32 under § 2D1.1(c)(5). I overruled the other two objections and determined the total offense level to be 36. Calais had no prior adult convictions, so his advisory guidelines range was 188 to 235 months. I sentenced Calais to 188 months' imprisonment.

Calais appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit. After filing the notice of appeal, his counsel filed a statement that he believed there were no non-frivolous grounds for appeal and he therefore sought to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). In the *Anders* brief, attorney Jones raised the following issues: (1) the trial court improperly admitted Fed. R. Evid. 404(b) evidence, (2) the court erred in

denying a mistrial after an officer involved in a traffic stop testified that Calais had refused to talk to him, and (3) the court erred in imposing sentencing enhancements for obstruction of justice and firearm possession. Calais filed a *pro se* supplemental brief challenging the obstruction enhancement and denial of a downward variance, and asserting that retrying him on Count I after the hung jury violated the double jeopardy clause.

The Court of Appeals affirmed Calais' conviction, finding that there was no abuse of discretion in the admission of Rule 404(b) evidence or in the denial of a mistrial. The Court also rejected all of the sentencing arguments and held that the double jeopardy claim was without merit. The court reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and concluded that there were no non-frivolous grounds for appeal. It therefore granted Jones leave to withdraw and affirmed the judgment. Calais filed a petition for certiorari, which was denied. *United States v. Calais*, 428 Fed.Appx. 661 (8th Cir. 2011) (per curiam unpublished opinion), *cert. denied* 132 S. Ct. 1051 (2012).

## II. **Grounds for Relief**

Calais raises four claims that his trial counsel were ineffective and two claims that his appellate counsel was ineffective:

> (1) Ineffective assistance of trial counsel for failing to argue that the second trial was barred by double jeopardy;

(2) Ineffective assistance of trial counsel for failing to correctly advise him of the potential range of punishment and the possibility of entering an open guilty plea;

(3) Ineffective assistance of trial counsel for failing to object to the jury instructions' inclusion of potential lesser drug quantities;

(4) Ineffective assistance at sentencing for counsel's failure to cite to appropriate case law in his objections to the presentence report;

(5) Ineffective assistance of appellate counsel for failing to raise the double jeopardy claim; and

(6) Ineffective assistance of appellate counsel for failing to cite appropriate legal support with regard to the obstruction of justice sentencing enhancement.

## III. Discussion

In order to establish a claim for ineffective assistance of counsel a movant must show that (1) his attorney's performance was deficient and (2) that the deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Evaluation of counsel's performance must be "highly deferential" and there is a "strong presumption" that it falls within the range of professionally reasonable assistance. *Id*. at 689. In order to demonstrate prejudice, a petitioner must show that but for counsel's errors, there is a reasonable probability that the result would have been different. *Id*. If there is an insufficient showing on one component of the *Strickland* test, a court does not need to address the other component. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

A. **Grounds One and Five (double jeopardy)**

Calais's first and fifth grounds for relief claim that both his second trial counsel and his appellate counsel were ineffective because they failed to argue that the second trial was barred by double jeopardy, which Calais also refers to as collateral estoppel. On direct appeal, the Eighth Circuit concluded that, "Calais's double jeopardy argument lacks merit." *Calais*, 428 Fed.Appx. at 662. Failure to make a meritless argument cannot, as a matter of law, constitute ineffective assistance of counsel. *Rodriguez v. United States*, 17 F.3d 225 (8th Cir.1994). Thus, neither trial nor appellate counsel could have been ineffective for failing to raise this baseless claim, and Calais was not prejudiced by their failure because the claim could not have succeeded. *See Yeager v. United States*, 557 US 110, 118 (2009) (re-prosecution after a hung-jury mistrial does not violate the constitutional prohibition of double jeopardy).

B. **Grounds Four and Six (sentencing)**

Calais claims his attorney was ineffective on sentencing and appeal because he failed to cite sufficient legal authority to support the sentencing objections. The Eighth Circuit addressed the sentencing issues on direct appeal. The Court of Appeals found that both the weapon and obstruction enhancements were proper. It further concluded that there was no abuse of discretion by the District Court in

declining any downward variance in sentencing under the factors listed in 18 U.S.C. § 3553(a).

Counsel appropriately raised the sentencing issues both before me and on appeal. There is no case law that would have changed the result, and Calais cannot show that there is a reasonable probability that he would have received a lesser sentence if Jones had cited case law. In addition to rejecting the issues raised in the *Anders* brief, the Court of Appeals conducted an independent review of the record under *Pearson v. Ohio* and found that there were no non-frivolous issues for appeal. Thus, any purported failure on the part of Jones to cite case law, in either his objections to the presentence report or his *Anders* brief, did not result in any prejudice. Calais's fourth and sixth grounds for relief are without merit and will be denied.

C. **Ground Two**

Calais's second ground for relief is that he was denied effective assistance of counsel because his trial attorneys failed to discuss the risks of proceeding to trial and the sentencing possibilities that Calais would face if he were convicted. His first attorney provided a sworn affidavit stating that he met with the Assistant United States Attorney about potential sentences and plea offers, and that he conveyed all the information to Calais. Taffe discussed the potential sentences, including that if Calais lost at trial he could be looking at a range of 151 to 188

7

months (that projection, of course, assumed that he would not commit perjury, which necessarily raised the guidelines range).  The government was proposing an agreement that could have resulted in a range of 70 to 87 months.  The safety valve would not apply because of firearms found in the residence where the drugs involved in the conspiracy were stored.  Calais affirmed his desire to go to trial, and indicated that he was not interested in any plea offers and did not want to make a proffer, which would have been required for him to qualify for the safety valve.

Calais's attorneys in the second trial, Kessler and Frances, also submitted sworn affidavits indicating that they also discussed the potential sentence with Calais on multiple occasions.  They also told Calais that after the first trial that the government was unwilling to make any concessions, and that any plea offers that had been available before the first trial were no longer being offered.

Calais' motion says that when attorney Kessler told him about the new and damaging evidence that would likely be admitted at the second trial, Calais told Kessler that he was tired of it all and wanted to take the five-year offer that he claims the government made before the first trial.  Even if I were to believe this over the affidavits of both Kessler and Henshaw to the contrary, however, that offer was no longer available.  Calais also argues that he did not know he could plead guilty without the government's agreement.  He appears to argue that had he done so he would have received a lower sentence, and he even argues that he

8

would have been eligible for the safety valve.  This argument fails for several reasons.  First, Calais stops short of saying that he would actually have pleaded guilty on open plea and taken his chances with the sentence.  To plead guilty after having testified under oath at the first trial that he was innocent would have required him to admit that he had perjured himself at the first trial.  There is no doubt that he would have obtained the enhancement for obstruction of justice.  He would not have obtained the benefit of the safety valve because of the presence of the firearm.  Because of the perjury and his possession of cocaine while on bond it is unlikely that he would have received any levels off for acceptance of responsibility. Three attorneys have sworn that Calais was repeatedly told what he was facing, and I conclude that he knew he could plead guilty and chose not to do so because he knew he would be facing the same or very close to the same sentence as if he were convicted at trial.

Calais has failed to make a sufficient showing to overcome the strong presumption that counsel rendered adequate assistance, and he has failed to show that he was prejudiced in any way.  Therefore, his second ground for relief is without merit and will be denied.

D. **Ground Three**

Calais also claims that he was denied effective assistance of counsel because his lawyers failed to object to the verdict directing jury instruction at the second

9

trial. Instruction No. 11 submitted the elements of the offense of conspiracy and included as an element the quantity of cocaine in excess of five kilograms. The instruction went on to tell the jury that if it found Calais not guilty of the five-kilogram conspiracy it could consider whether he was guilty of a conspiracy involving a lower quantity of cocaine. The jury convicted him of the higher quantity alleged in the indictment, however, so they never reached the issues relating to any lower quantity. In order to show prejudice resulting from counsel's failure to object to the jury instruction, Calais would have to show that the court would have changed the jury instruction if counsel had objected, and that is highly unlikely, because the instruction was a correct statement of the law. Additionally, a petitioner seeking post-conviction collateral relief must show not only that an error was made, but also that it "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 169 (1982). Because the jury found Calais guilty of the more serious offense, he could not have been prejudiced by the presence of the lesser-included instruction, even if it might have been in error. Calais' third ground for relief will be denied.

E. **Evidentiary Hearing**

A court must order an evidentiary hearing unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no

relief. 28 U.S.C. § 2255(b). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). In the present case, as discussed above, because Calais's claims are either legally meritless or affirmatively refuted by the records and files, I will not hold an evidentiary hearing.

F. **Certificate of Appealability**

A court may issue a certificate of appealability if a petitioner has made a substantial showing of the denial of any constitutional right. 28 U.S.C. § 2255(c)(1). A substantial showing is one where the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.1997). Because no reasonable jurist could find that Calais has made a substantial showing of the denial of any constitutional right, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Dwayne Calais's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [#1] is denied.

**IT IS FURTHER ORDERED** that this court will not issue a certificate of appealability.

A separate Judgment is issued in accordance with this Memorandum and Order.

_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of October, 2014.